UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRIAN JAMES IVEY,           )
                            )
     Petitioner,            )
                            )
v.                          )     CV418-057
                            )
SHAY HATCHER,               )
                            )
     Respondent.            )

# REPORT AND RECOMMENDATION

Brian James Ivey was sentenced to life imprisonment by the Chatham County Superior Court for murder and concealment of death. His first attempt at federal habeas relief was dismissed for failure to exhaust his state remedies. *See Ivey v. Washington*, No. CV413-013, docs. 7, 10 & 11 (dismissing for failure to exhaust, although his state habeas petition had been pending, unresolved, for some seven years at that point). Five years later, Ivey is back with a habeas claim that is still unexhausted. Doc. 1 at 3 & 6 (explaining that, since his state habeas petition (06HC-0031, filed in the Superior Court of Hancock County) was "continued by deposition" in 2006, he has "never received a final judg[ ]ment, still pending an answer."). Given that his state petition had

been "on ice for more than a decade," without explanation, the Court ordered Respondent to show cause why the requested relief should not be granted. Doc. 10 at 1-2. Respondent has answered the Court's May 16, 2018, order, asking that the case be dismissed for lack of exhaustion because petitioner's state habeas case has suddenly (and, according to Respondent, unrelatedly) surged to life: a June 13, 2018 evidentiary hearing has come and gone and petitioner has been given 90 days to prepare his proposed order. Doc. 15 at 2-3 (noting that respondent will have an additional 30 days to prepare his own proposed order in the case).

Respondent is correct that "'even after a long delay has passed, if it is clear that the state court has awakened to its duties and that visible progress toward disposition of the case is being made, the federal court should typically require the petitioner to complete the available state procedures'" before bringing his claims in a federal habeas petition. Doc. 15 at 8 (quoting *Sloan v. Chapman*, 2011 WL 6003831 at *4 (S.D. Ga. Sept. 13, 2011). Indeed, despite the advanced, still-unexplained age of petitioner's state court habeas case, the mere fact of some movement in those proceedings demonstrates that petitioner has a "viable state

procedure" available to him. 28 U.S.C. §§ 2254(b)(1)(B); *see Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (despite eight-year delay in adjudication of state habeas petition, exhaustion requirement upheld where state court eventually adjudicated state habeas petition and petitioner had a "viable state procedure available"). Petitioner has not opposed respondent's motion.

Respondent's motion to dismiss for failure to exhaust thus should be **GRANTED**.[1] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[1] Should an adverse decision be rendered in petitioner's state habeas case, of course, he must seek a certificate of probable cause to appeal to the Georgia Supreme Court. *Stafford*, 780 F.2d at 1581; *see* O.C.G.A. § 9-14-52. Should that decision also be adverse to him, Ivey may then return to this Court assured that the decade-long pendency of his state habeas claim will be noted in any timeliness calculation.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __30th__ day of August, 2018.

/s/ GR Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA